961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda MURPHY, as mother and next friend of Warren Paxton
Brown, a minor, Plaintiff, ROBERT A. DIXON
Attorney-Appellant.
v.
PLAIN DEALER PUBLISHING CO., d/b/a The Plain Dealer: John
A. Cook: Burbon Zeigler: John Smith: Evelyn Wilden:
Andrisek, Dr.: John Doe, Unknown Employee, Berea Police
Department: John Roe, Unknown Employee, Berea Police
Department: John Poe Realty Co., Defendants-Appellees.
 No. 91-3719.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 Before KENNEDY and SILER, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, Robert A. Dixon, appeals the imposition of Rule 11 sanctions following the summary judgment granted defendants, Plain Dealer Publishing Company ("Plain Dealer") and other individuals (collectively as "defendants"), in a constitutional right to privacy action. On May 20, 1986, plaintiff, Linda Murphy, filed this action on behalf of her son, Warren Brown, alleging that defendant's release of information identifying her minor son as a murder suspect constituted a civil rights violation under 42 U.S.C. § 1983 and state law. On May 8, 1991, the district court granted defendants' motions for summary judgment and for sanctions and attorney's fees under Rule 11 ("Rule 11 sanctions") and found William L. Summers, Norman S. Fox and Dixon, counsel for the plaintiff, to be jointly and severally liable for $9,000.00 as sanctions. The district court delayed the entry of the sanctions for thirty (30) days from the entry of judgment.
 
 
 2
 On May 9, 1991, the media notified Dixon of the imposition of sanctions. He then filed a petition for amendment of findings or amendment of judgment ("Petition"), alleging that: (1) his only "active involvement" in the action was to respond to the summary judgment motions; (2) Summers prepared and filed the complaint and conducted the pre-filing investigation; (3) Dixon left the law firm in 1988; (4) he had no knowledge of or opportunity to oppose the sanctions motion; and (5) that if he had, he could have presented evidence that he "believed that existing law could be extended or modified" by the dismissed action. The district court denied Dixon's Petition, holding that as "counsel for [Murphy] wholly failed to perform either the factual or legal inquiry required of them prior to filing this lawsuit, and that their conduct was, by any objective standard, wholly unreasonable," sanctions were proper. Dixon timely appealed.[1] For the following reasons, we AFFIRM the district court's granting of Rule 11 sanctions but REMAND this action for the district court's determination of Dixon's relative culpability.
 
 
 3
 Rule 11 imposes three obligations on a signing attorney: (1) to conduct a reasonable inquiry to determine that a document is well-founded in fact; (2) to conduct reasonable inquiry to determine that the positions taken are warranted by existing law or will extend or modify existing law; and (3) to file no document for an improper purpose. See Fed.R.Civ.P. 11. Rule 11 sanctions are assessed against the attorney who signs a paper in violation of the rule, not against the law firm. Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120 (1989); Val-Land Farms v. Third Nat'l Bank, 937 F.2d 1110, 1118 (6th Cir.1991). An attorney has a continuing responsibility to review and re-evaluate pleadings and other documents and, where necessary, modify and amend them to conform to Rule 11. Herron v. Jupiter Transp. Co., 858 F.2d 332, 335-336 (6th Cir.1986). Thus, Rule 11 applies to all stages and papers filed in the litigation. See Mann v. G & G Mfg., Inc., 900 F.2d 953, 960 n. 6 (6th Cir.), cert. denied, 111 S.Ct. 387 (1990).
 
 
 4
 Although Summers conducted the pre-trial investigation and filed the initial complaint, Dixon became an active participant in the litigation when he propounded the interrogatories and filed the opposing briefs. Accordingly, he had a non-delegable duty to comply with the Rule 11 obligations. However, he neither thoroughly investigated the assertions made in the opposing briefs nor presented any evidence that the documents he prepared and signed were "well-founded in fact and law." Therefore, this court AFFIRMS the district court's grant of Rule 11 sanctions against him.
 
 
 5
 The district court measures the non-movant's counsel's conduct by "an objective standard of reasonableness under the circumstances." Mann, 900 F.2d at 961 (citing INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 401 (6th Cir), cert. denied, 484 U.S. 927 (1987)). Generally, a Rule 11 motion is determined at the end of a proceeding, i.e., in the same proceeding where summary judgment is granted. Mann, 900 F.2d at 960. A separate and formal hearing is not required to determine if an attorney's conduct was reasonable. Rodgers v. Lincoln Towing Serv. Inc., 771 F.2d 194, 205 (7th Cir.1985). Summers and Fox were present at the summary judgment hearing and had the opportunity to oppose the Rule 11 sanctions. However, Dixon was not present at the summary judgment hearing and did not receive notice of the Rule 11 sanctions until after their imposition.
 
 
 6
 Although Dixon had twenty-nine days to defend against the Rule 11 sanction order before it became final, his opportunity to present evidence that he acted in good faith and in his belief regarding the extension or modification of existing law was limited to his Petition. Thus, the joint and several liability was inequitable, as Summers and Fox committed part of the conduct sanctioned by the district court and Dixon was denied an opportunity to establish the extent of his culpability. As the court said in Pavelic and LeFlore, 493 U.S. at 125: "[O]ne may reasonably expect ... punishment only of the party upon whom the duty is placed." Accord Mann, 900 F.2d at 962. Therefore, due to Dixon's role in the litigation, he should be given an opportunity to establish the extent of his liability. Accordingly, we REMAND this action to the district court for a determination of Dixon's relative culpability, consistent with this opinion.
 
 
 
 [1]
 Summers and Fox did not appeal the sanction order